PAUL L. McGRAW, ADMINISTRATOR, v. ROBINSON MERCANTILE COMPANY.

[49 South. 260.]

1. EXECUTORS AND ADMINISTRATORS. *Duty to collect debts due estate. Insolvent estate.*

It is the duty of an administrator, without an order of court, to collect all debts due the estate of the decedent, although the estate has been declared insolvent.

2. SAME. *Code 1906, § 2100. Administrator's personal liability. No defense to others liable.*

The personal liability of an administrator for his intestate's cotton, sold by him before taking out letters of administration, under Code 1906, § 2100, making a person who aliens or embezzles the property of a decedent before administering the estate liable to the decedent's creditors or others aggrieved, does not bar a suit by him in his representative capacity against the purchaser for the value of the cotton.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

McGraw, administrator, appellant, was plaintiff in the court below; the mercantile company, appellee, was defendant there.

From a judgment, predicated of a peremptory instruction, in defendant's favor the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Bramlette & Tucker* and *Shannon & Jones,* for appellant.

All the property of a decedent under Code 1906, § 2056, must be applied to his debts, funeral expenses, etc., and debts not probated in a fixed time are barred, and the administrator is prohibited from paying any debt not probated. Sections 2105, 2107.

It is the duty of an administrator, under Code 1906, § 2012, to collect all debts due the estate, although the estate has been declared insolvent. Code 1906, § 1213.

And the fact that appellant might be liable to the creditors and others as administrator *de son tort* does not relieve appellee of its liability for the property of the estate appropriated to its own use.

If the contention of appellee be correct, a creditor of an estate may take or receive property of a decedent and apply it to the payment of his debt without registering his claim, and thereby secure an advantage over creditors who follow the law.

*Ratcliff & Truly,* for appellee.

After an estate has been declared insolvent, nothing is left, under our law, for the administrator to do, except to make a distribution of the assets; yet here we have the peculiar condition of affairs that an estate already declared insolvent is still, through its administrator, prosecuting a suit for an amount more than enough to pay all the debts probated against the estate, and leaving a surplus for the heirs and distributees. This is a contradiction which cannot be reconciled without a reopening of the administration and a reconstruction of the decree of insolvency. See Code 1906, §§ 2113 *et seq.*

We do not desire to be understood as maintaining that if an

estate is erroneously declared to be insolvent and assets of the estate are afterwards discovered that the parties in interest cannot by proper proceedings recover possession of the assets, whether they consist of personal property or debts due the decedent. But we do humbly submit that after an estate has been formally adjudicated as insolvent, the administrator of such an estate cannot do anything more than what is pointed out by the statute law.

Before the instant case could be maintained it would be necessary for the court to withdraw its decree of insolvency and direct the administrator to proceed with the administration of the estate of decedent.

We further submit that in the instant case the suit was not maintainable against this appellee, the Robinson Mercantile Company, by this apppellant. There is no dispute as to the facts so far as the question under consideration is concerned. P. H. McGraw died intestate; P. L. McGraw took possession of the entire assets of the estate as an administrator *de son tort.* Having taken possession of the property he disposed of it; some of it he sold to this apppellee; some of it he applied to the payment of the expenses of the last illness of the decedent; some of it to the payment of funeral expenses. Having thus, as administrator *de son tort,* intermeddled with the estate, he then qualified as administrator, and now brings suit against the persons to whom he delivered or sold the property to recover the value thereof. We say such a suit cannot be maintained and ought not to be. It is a plain and palpable case of one endeavoring to take advantage of his own wrong. Code 1906, § 2100, provides that if any person shall alienate any of the goods, chattels, personal property or money of a person deceased before taking out letters of administration, such person shall be liable to the action of creditors and other persons aggrieved as being executor in his own wrong.

SMITH, J., delivered the opinion of the court.

In September, 1906, P. H. McGraw, appellant's intestate,

died, leaving a growing crop of cotton, which was taken possession of by P. L. McGraw, appellant, who was a son of the deceased, and by him gathered and delivered to the Robinson Mercantile Company. At the time of the death of P. H. McGraw he owed the Robinson Mercantile Company an unsecured debt for supplies furnished him with which to make the crop. This account was not probated, and the time for so doing had expired at the time of the institution of this suit. After the death of P. H. McGraw the Robinson Mercantile Company advanced money and supplies to P. L. McGraw in order to enable him to gather the crop. Some time after this cotton had been delivered to the Robinson Mercantile Company, P. L. McGraw was appointed administrator of his father's (P. H. McGraw's) estate. In due course of the administration the estate was declared insolvent, and appellant, by order of the chancery court, instituted this suit to recover the value of the cotton. At the close of plaintiff's testimony the court sustained a motion to exclude same, and instructed the jury to find for the defendant, and there was a verdict and judgment accordingly; hence this appeal.

Three reasons are given why the judgment of the lower court should be upheld: (1) Because the administrator of the estate, which has been declared insolvent, has no power to institute any proceedings to recover the possession of any assets of the estate until the decree of insolvency has been set aside and the administrator directed to proceed with the administration of the estate; (2) because this administrator is himself personally liable to the estate for the value of this very cotton, by reason of his having alienated same before taking out letters of administration; and (3) because the court erred in sustaining demurrer to defendant's special pleas.

None of these grounds are tenable. It is the duty of an administrator, without an order of the chancery court, to collect all debts which were due the estate of his decedent, even though such an estate has been declared insolvent. Certainly such a

court, having full jurisdiction of the matter, has the power to order him so to do.

Under section 2100 of the Code of 1906, appellant may be personally liable to the estate for the value of the cotton; but this fact does not operate either as a release of the liability of the appellee, or as a disability on the part of the administrator to maintain this suit.

The demurrers to the special pleas were properly sustained; but, even if this were not true, plaintiff would have been entitled to have replied thereto, and to a trial of the issue thereby joined.

The judgment is therefore *reversed* and cause *remanded.*